# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

***

ANTONIO RANDLE
    PLAINTIFF

VERSUS

CITY OF GRETNA, CITY OF GRETNA
POLICE DEPARTMENT, JEFFERSON
PARISH SHERIFF'S OFFICE,
ARTHUR S. LAWSON, JR., NEWELL
NORMAND, STEPHEN ARNOLD
    DEFENDANTS

NO. 12-1567

SECT. S MAG. 4

***

## COMPLAINT

### NATURE OF THE ACTION

This action arises under the United States Constitution. Specifically, the action arises under the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment, and is brought pursuant to 42 U.S.C. §§1983 et seq. and 1988, which establish a federal court remedy for constitutional violations. The action also arises under the Louisiana State Constitution, specifically Articles I §§2 and 5. The action is also brought under the general tort principles set forth in the Louisiana Civil Code, including, without limitation, Articles 2315 and 2320 and common law tort principles adopted by Louisiana courts.

# STATEMENT OF JURISDICTION

1.

Jurisdiction is conferred upon this court by the provisions of 28 U.S.C. 1343(3), the jurisdictional counterpart of 42 U.S.C. 1983, and 28 U.S.C. 1331. Supplemental jurisdiction is conferred upon this court over the state law claims pursuant to 28 U.S.C. 1367(a).

# PARTIES

2.

Plaintiff:

**Antonio Randle** [hereinafter "RANDLE"], is an individual who resides in New Orleans, Louisiana.

3.

The Defendants are:

**City of Gretna through the Gretna Police Department** [hereinafter "Gretna Police Department"], a municipal entity of the State of Louisiana.

**Parish of Jefferson through the Jefferson Parish Sheriff's Office** [hereinafter "JPSO"], a municipal entity of the State of Louisiana.

**Newell Normand** [hereinafter "NORMAND"], an individual who is a resident of Jefferson Parish, State of Louisiana. At all times mentioned herein, NORMAND was employed by the Parish of Jefferson as Sheriff.

**Arthur S. Lawson, Jr.** [hereinafter "LAWSON"], an individual who is a resident of Jefferson Parish, State of Louisiana. At all times mentioned herein, LAWSON was employed by the City of Gretna as Chief of Police.

**Stephen Arnold** [hereinafter "ARNOLD"], an individual believed to be domiciled in the Parish of Jefferson, State of Louisiana. At all times mentioned herein, ARNOLD is believed to have been employed as a police officer with the Gretna Police Department and/or the Jefferson Parish Sheriff's Office.

The aforementioned defendants are justly and truly indebted unto petitioner, jointly and in-solido as allowed by law, for all sums as are reasonable under the premises, punitive damages as allowed by law, attorney's fees, litigation expenses, interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioner is entitled at law and/or in equity.

4.

Defendants, NORMAND, LAWSON, and ARNOLD are sued both in their official and individual capacities.

5.

At all times relevant herein, defendants, NORMAND, LAWSON, and ARNOLD acted under the color of the laws, statues, ordinances, regulations, policies, customs and usages of the State of Louisiana.

6.

On or about the afternoon of June 18, 2011, Antonio Randle, [hereinafter "RANDLE"], was seated in a parked vehicle in the parking lot of Oakwood Shopping Center, located at 197 Westbank Expressway, Gretna, Louisiana, awaiting the return of his fiancée from shopping. As he sat in the vehicle, with the windows down, he fell asleep. He was then awakened by Deputy Stephen Arnold prodding him with his police baton.

7.

RANDLE, once awakened, inquired as to the nature of ARNOLD'S presence, at which point ARNOLD demanded identification from RANDLE. RANDLE complied, and produced two forms of identification to ARNOLD. ARNOLD then conducted a warrant check on RANDLE which yielded negative results.

8.

After returning said identification, ARNOLD then ordered RANDLE to exit the vehicle and place his hands on the roof of the vehicle. RANDLE, who had already begun smoking a cigarette, was additionally ordered to discard said cigarette prior to placing his hands on the vehicle. RANDLE again, complied, however, instead of discarding the cigarette to the ground, he discarded the cigarette onto the roof of the vehicle.

9.

ARNOLD then proceeded to handcuff RANDLE, and order him to sit on the ground next to the parked vehicle. Having no knowledge of the reason for being detained, and prior to sitting on the ground as ordered, RANDLE inquired as to the basis for ARNOLD'S actions. ARNOLD failed to provide a reason for detaining RANDLE and instead ARNOLD deployed his department issued taser device twice striking the handcuffed RANDLE. The device malfunctioned after the second discharge, at which point ARNOLD removed the "prongs" and placed the taser directly onto RANDLE'S thigh, causing him to fall to the ground.

10.

RANDLE was struck a total of three (3) times with the taser. Twice in the chest and abdomen region, and once in the thigh. After deploying the taser three (3) times, ARNOLD then placed RANDLE under arrest, alleging that RANDLE was in possession of an alcoholic beverage in the vehicle and resisting arrest.

11.

ARNOLD had no justification for having used the excessive force against RANDLE. Specifically, ARNOLD did not have probable cause or even reasonable suspicion, to believe that RANDLE posed a threat of physical harm to the officer or anyone else. Furthermore, ARNOLD

had no probable cause or reasonable suspicion to believe that ARNOLD had committed or was about to commit any crime.

## STATEMENT OF CLAIMS:

### COUNT I
**Fourth Amendment Violation: Unlawful use of Force**

19.

Plaintiffs incorporate Paragraphs 1 – 11 by reference as though fully set forth herein.

20.

As a direct and proximate result of the above referenced unlawful, excessive, unwarranted, unprovoked and force used upon RANDLE by ARNOLD, committed under color of law and while using the badge of his authority as a police officer, RANDLE suffered grievous bodily harm, and was deprived of his clearly established constitutional right to be secure in his person against unreasonable seizure of his person under the Fourth and Fourteenth Amendments to the United States Constitution.

21.

ARNOLD could not have reasonably believed that the aforementioned force was consistent with RANDLE'S clearly established Fourth Amendment rights to be secure in his person against unreasonable seizure of his person, because *inter alia:* (1) no probable cause or even reasonable suspicion existed to believe that RANDLE posed a threat of physical harm to the officer or anyone else; (2) no probable cause existed to believe that RANDLE had committed or was about to commit any crime; (3) and because no reasonable law enforcement police officer could have reasonably believed that the use of force, or indeed the use of any force whatsoever, under the benign, non-threatening circumstances facing the defendant, was consistent with

RANDLE'S clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizures.

## COUNT III
### Fourth Amendment Violation: Unlawful Arrest

22.

Plaintiffs incorporate Paragraphs 1 - 11 by reference as though fully set forth herein.

23.

Aside from the unlawful, excessive, unwarranted, and unprovoked physical force visited upon RANDLE by defendant ARNOLD, defendant also deprived RANDLE--under color of law and while using the badge of his authority as a police officer--of his clearly established right to be secure in his person against unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution by virtue of an unlawful arrest.

24.

No reasonable law enforcement officer in defendants' position could have reasonably believed in the existence of probable cause or even in the existence of reasonable suspicion that RANDLE had committed any crime whatsoever, or that the seizure was consistent with plaintiff's clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizures.

25.

As a direct and proximate result of the above referenced unlawful, excessive, unwarranted, and unprovoked force used upon RANDLE by defendant ARNOLD committed under color of law and while using the badge of his authority as a police officer, RANDLE suffered grievous bodily harm, was deprived of his clearly established right to be secure in his

person against unreasonable seizure of his person under the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT IV
## Substantive Due Process Violation

26.

Plaintiffs incorporate Paragraphs 1 - 11 by reference as though fully set forth herein.

27.

As a direct and proximate result of the above referenced unlawful, excessive, unwarranted, unprovoked and malicious physical abuse of RANDLE by defendant, committed under color of law and while using the badge of his authority as a police officer, RANDLE suffered grievous bodily harm and was deprived of his clearly established rights to be free from arbitrarily, oppressively, and egregiously exercised government power under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

28.

Specifically, and without limitation, defendant ARNOLD'S use of force upon RANDLE—an unarmed individual resting in a legally parked vehicle—amounts to an abhorrent abuse of power which shocks the conscience, violates decencies of civilized conduct, and interferes with rights implicit in the concept of an ordered society.

29.

Defendant ARNOLD could not have reasonably believed that the aforementioned force and conscience-shocking conduct was consistent with RANDLE'S clearly established Due Process right to be free of arbitrary and oppressive exercises of government power, because *inter alia:* (1) no probable cause existed to believe that RANDLE posed a threat of physical harm to

the officers or anyone else; (2) no probable cause or reasonable suspicion existed to believe that RANDLE had committed or was about to commit any other type of crime; (3) and because no reasonable law enforcement police officer could have reasonably believed that the use of force, or indeed the use of any force whatsoever, under the benign, non-threatening circumstances facing the defendants, was consistent with RANDLE'S clearly established Due Process right to be free of arbitrary and oppressive exercises of government power.

## COUNT V.
### Violations of Article I §5 of the Louisiana State Constitution

30.

Plaintiffs incorporate Paragraphs 1 - 11 by reference as though fully set forth herein.

31.

Article I § 5 of the Louisiana State Constitution establishes the rights of Louisiana's citizens to be "...secure in his person, property, communication, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy..." LSA Const. Art. I § 5. The Article creates affirmative rights beyond the domain of criminal procedure, and creates a cause of action directly under the Louisiana State Constitution.

32.

For each of the reasons set forth above, which are adopted herein by reference, Defendant ARNOLD also violated plaintiffs' clearly established rights protected by Article I § 5 of the Louisiana Constitution.

33.

Specifically, ARNOLD violated plaintiffs' clearly established state constitutional rights under Article I § 5 of the Louisiana Constitution to be free from unreasonable seizures.

34.

Defendant ARNOLD is not entitled to qualified immunity on any of the forgoing state constitutional violations because--for the reasons set forth above--no reasonable officer could have believed that the unlawful use of force, intimidation, and violence was consistent with RANDLE'S rights as secured by the Louisiana Constitution, including, without limitation, those rights secured by Article I§5.

## COUNT VI.
### Violations of Article I§2 of the Louisiana State Constitution

35.

Plaintiffs incorporate Paragraphs 1 - 11 by reference as though fully set forth herein.

36.

For each of the reasons set forth above, which are adopted herein by reference, the outrageous conduct of defendant ARNOLD also violated RANDLE'S clearly established rights protected by Article I § 2 of the Louisiana State Constitution, which provides that: "No person shall be deprived of life, liberty, or property, except by due process of law." LSA-Const. Art. 1, § 2.

37.

Defendant is not entitled to qualified immunity on any of the forgoing violation of Article I§2 of the Louisiana State Constitution because--for the reasons set forth above--no reasonable officer could have believed that the unlawful use of force, intimidation, and violence was consistent with RANDLE'S rights as secured by the Louisiana Constitution, including, without limitation, those rights secured by Article I§2.

## COUNT VII.
## Battery

38.

Plaintiffs incorporate Paragraphs 1 - 11 by reference as though fully set forth herein.

39.

For the foregoing reasons, defendant ARNOLD committed an intentional and unpermitted contact with RANDLE'S person with the intent to inflict a harmful or offensive contact without the plaintiffs' consent.

40.

RANDLE suffered grievous personal injuries as a result of the defendants' battery, which was not pursuant to any lawful arrest or detention of RANDLE, and was the product of an unprovoked attack by the defendant.

## COUNT VIII.
## Assault

41.

Plaintiffs incorporate Paragraphs 1 - 11 by reference as though fully set forth herein.

42.

Defendant ARNOLD intentionally committed acts, which would have put a reasonable person in reasonable apprehension of receiving a battery, and which, in fact, put RANDLE in fear of receiving a battery.

43.

Specifically, defendants' threats coupled with the present ability to carry out the threats placed RANDLE in reasonable apprehension of receiving a battery.

## COUNT VIII
## False Arrest

44.

Plaintiffs incorporate Paragraphs 1 - 11 by reference as though fully set forth herein.

45.

RANDLE was restrained against his will, deprived of his freedom in a significant way, and the detention was without a warrant and without legal authority.

46.

RANDLE did not freely consent to the detention, was not free to relieve himself of the detention.

47.

Defendant had no reasonable cause to believe that RANDLE had committed any offense.

## COUNT IX.
## Intentional Infliction of Emotional Distress

48.

Plaintiffs incorporate Paragraphs 1 - 11 by reference as though fully set forth herein.

49.

Defendants' conduct as set forth above was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized society.

50.

RANDLE suffered severe emotional distress as a result of defendants' extreme and outrageous conduct, and defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from their conduct.

## CLAIMS AGAINST DEFENDANTS NORMAND AND LAWSON:

### COUNT I
### Constitutional Violations

51.

Plaintiffs incorporate Paragraphs 1 - 11 by reference as though fully set forth herein.

52.

Jefferson Parish Sheriff, NORMAND, in his individual capacity, is liable as a supervisory official under 42 U.S.C. §1983 for the following non-exclusive acts:

1. For his improper and inadequate training of his subordinate deputies;

2. For his inadequate supervision of his subordinate deputies.

53.

NORMAND had actual or constructive knowledge that his deputies were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens such as RANDLE.

54.

NORMAND response to such knowledge was so inadequate as to show deliberate indifference or tacit authorization of the wrongful seizure.

55.

NORMAND'S acts and omissions were the proximate cause of the injuries suffered by RANDLE.

56.

Gretna Police Chief, LAWSON, in his individual capacity, is liable as a supervisory official under 42 U.S.C. §1983 for the following non-exclusive acts:

1.  For his improper and inadequate training of his subordinate deputies;

2.  For his inadequate supervision of his subordinate deputies.

57.

LAWSON had actual or constructive knowledge that his deputies were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens such as RANDLE.

58.

LAWSON response to such knowledge was so inadequate as to show deliberate indifference or tacit authorization of the wrongful seizure.

59.

LAWSON'S acts and omissions were the proximate cause of the injuries suffered by RANDLE.

## COUNT II
### Vicarious Liability for Torts of Officers:

60.

Plaintiffs incorporate Paragraphs 1 - 11 by reference as though fully set forth herein.

61.

At all relevant times herein, NORMAND hired and fired deputies, exercised a direct and indirect supervision and control over them, fixed their time and place of work, and generally allocated their responsibilities and assigned their duties. Upon information and belief, NORMAND disbursed the allocated funds and paid most of the salaries of the officers with these funds. Accordingly, NORMAND is the employer of the officer, ARNOLD.

NORMAND is vicariously liable for the acts and omissions of ARNOLD pursuant to Louisiana Civil Code Article 2320. The acts and omissions of the deputy were committed as he was acting as a law enforcement officer. His unconstitutional actions were risks incidental to the performance of his duties as a law enforcement officer.

62.

At all relevant times herein, LAWSON hired and fired deputies, exercised a direct and indirect supervision and control over them, fixed their time and place of work, and generally allocated their responsibilities and assigned their duties. Upon information and belief, LAWSON disbursed the allocated funds and paid most of the salaries of the officers with these funds. Accordingly, LAWSON is the employer of the officer, ARNOLD.

LAWSON is vicariously liable for the acts and omissions of ARNOLD pursuant to Louisiana Civil Code Article 2320. The acts and omissions of the deputy were committed as he was acting as a law enforcement officer. His unconstitutional actions were risks incidental to the performance of his duties as a law enforcement officer.

## COUNT III
### Negligent Supervision:

63.

Plaintiffs incorporate Paragraphs 1 - 11 by reference as though fully set forth herein.

64.

NORMAND had a duty under state law to supervise his deputies in all aspects of their performance, including the manner in which they observed, or failed to observe, constitutional standards in carrying out their duties. NORMAND breached of such duties resulted in the above-referenced injuries to RANDLE.

65.

LAWSON had a duty under state law to supervise his deputies in all aspects of their performance, including the manner in which they observed, or failed to observe, constitutional standards in carrying out their duties. NORMAND breached of such duties resulted in the above-referenced injuries to RANDLE.

## CLAIMS AGAINST THE JPSO AND GRETNA POLICE DEPARTMENT

### COUNT I
### Constitutional Violations

66.

Plaintiffs incorporate Paragraphs 1 - 11 by reference as though fully set forth herein.

67.

Defendants, JPSO and GRETNA POLICE DEPARTMENT, are liable for the violation of RANDLE'S substantive due process rights guaranteed by the Fourteenth Amendment to the United States Constitution under for the maintenance of the following non-exclusive unconstitutional policies:

1. Allowing its officers to commit warrantless seizures unsupported by probable cause or even reasonable suspicion;

2. Allowing its deputies to commit act of excessive force and unlawful arrests;

3. Maintaining a policy of deliberate indifference to the civil rights of citizens by failing to train its deputies in proper stop and seizure procedures;

4. Maintaining a policy of deliberate indifference to the civil rights of citizens by failing to train its deputies in the proper use of force;

5. By failing to establish, maintain, or enforce a disciplinary regime sufficient to deter the above referenced acts by rogue officers bent on abusing their authority and the constitutional rights of citizens;

6. By retaining officers on the force who have demonstrated an inability to employ proper seizure procedures;

7. By retaining officers on the force who unlawfully used deadly force while acting under the color of law; and

8. The maintenance of the other unconstitutional policies actionable under 42U.S.C. §1983 and *Monell v. Department of Public Services* 436U.S. 658 (1978).

68.

As a direct and proximate result of the maintenance of the above-referenced unconstitutional policies by JPSO and GRETNA POLICE DEPARTMENT, RANDLE suffered grievous bodily harm and was deprived of his clearly established rights to be free from arbitrarily, oppressively, and egregiously exercised government power under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT II
### Vicarious Liability for Torts of Officers:

69.

Plaintiffs incorporate Paragraphs 1 - 11 by reference as though fully set forth herein.

70.

At all relevant times herein, JPSO and GRETNA POLICE DEPARTMENT hired and fired officers, exercised a direct and indirect supervision and control over them, fixed their time and place of work, and generally allocated their responsibilities and assigned their duties. Upon information and belief, JPSO and GRETNA POLICE DEPARTMENT disbursed the allocated funds and paid most of the salaries of the officers with these funds. Accordingly, JPSO and GRETNA POLICE DEPARTMENT are the employers of officer ARNOLD.

71.

JPSO and GRETNA POLICE DEPARTMENT are vicariously liable for the acts and omissions of ARNOLD pursuant to Louisiana Civil Code Article 2320. The acts and omissions of the deputy were committed as he was acting as a law enforcement officer. His unconstitutional actions were risks incidental to the performance of his duties as a law enforcement officer.

## CLAIMS AGAINST ALL DEFENDANTS

### COUNT I: CIVIL CONSPIRACY

72.

Plaintiffs incorporate Paragraphs 1 - 11 by reference as though fully set forth herein.

73.

In view of the fact that the severe injuries sustained by RANDLE were the result of a tacit and/or explicit agreement, entered into by all defendants named herein, to combine in their actions and/or omissions in order to effectuate the aforementioned violations of RANDLE'S clearly established Constitutional rights, all defendants named herein are liable for their civil conspiracy to violate RANDLE'S rights under the Fourth and Fourteenth Amendment of the U.S. Constitution pursuant to 42 U.S.C. 1983.

## DEMAND FOR TRIAL BY JURY:

Plaintiffs hereby demand a trial by jury.

## DEMAND FOR PUNITIVE DAMAGES

Plaintiff, RANDLE, is entitled to an award of punitive damages against the each of the defendants sued in their individual capacities, for their knowing, intentional, malicious acts and

omissions, or in the alternative, for their reckless disregard of, and indifference to, the rights of THOMAS.

**DEMAND FOR ATTORNEY'S FEES AND COSTS:**

Plaintiff, RANDLE, is entitled to an award of all costs, including reasonable attorneys' fees pursuant to 42U.S.C.1983.

**DEMAND FOR JUDGMENT**

WHEREFORE, plaintiff, Antonio Randle prays for

1. An award of compensatory damages against each defendant jointly and solitarily, for his personal injury, pain and suffering, emotional distress, loss of enjoyment of life.

2. An award of all costs of this action, against each defendant jointly and solitarily, including reasonable attorney's fees.

3. An award of compensatory damages against each defendant jointly and solitarily, for his mental anguish and emotional distress.

4. For all other equitable and general relief

Respectfully submitted:

**Gregory Thompson, Esq. (29007)**
Guillory, Johnson, Phillips & Thompson, LLC
935 GRAVIER STREET, SUITE 600
New Orleans, Louisiana 70112
Telephone: 504.299.4548
Facsimile: 504.566.1271

WWW.GJPTLAW.COM

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

```
********************************************
ANTONIO RANDLE                          *
            PLAINTIFF                   *
                                        *   NO.
VERSUS                                  *
                                        *
CITY OF GRETNA, CITY OF GRETNA          *
POLICE DEPARTMENT, JEFFERSON            *
PARISH SHERIFF'S OFFICE,                *
ARTHUR S. LAWSON, JR., NEWELL           *
NORMAND, STEPHEN ARNOLD                 *
            DEFENDANTS                  *
                                        *
                                        *
********************************************
```

## AFFIDAVIT OF COMPLAINANT

STATE OF LOUISIANA

PARISH OF ORLEANS

Before me, the undersigned notary, personally appeared

ANTONIO RANDLE

who, having been first sworn declared that the allegations set forth in this complaint are true and correct.

_____
Antonio Randle

Sworn to and subscribed before me this 19th day of June, 2012.

_____
Eusi H. Phillips, LSBA #29732